**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GLOBAL EQUITY MANAGEMENT (SA) PTY. LTD.,** | |
| **Plaintiff,** | |
| **v.** | **Civ. No. 2:15-CV-01702-RWS-RSP** |
| **ALIBABA.COM, INC., a Delaware corporation, ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, a Singapore company, and ALIBABA GROUP HOLDING LTD., a Cayman Islands exempted company.** | |
| **Defendants.** | |

**DEFENDANTS ALIBABA.COM, INC. AND ALIBABA SINGAPORE'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
<u>IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER</u>**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND .................................................................................2

    A.  GEMSA's Complaint ................................................................................2

    B.  Defendant Alibaba.com, Inc. ....................................................................3

    C.  Defendant Alibaba Singapore ...................................................................3

    D.  Defendant Alibaba Group Holding Limited .............................................4

    E.  Plaintiff Global Equity Management (SA) Pty. Ltd. ................................4

III. APPLICABLE LAW .............................................................................................5

    A.  Personal Jurisdiction ................................................................................5

    B.  Venue in Patent Cases...............................................................................7

    C.  Transfer For Improper Venue and Convenience of the Parties and
        Witnesses ...................................................................................................8

IV. ARGUMENT .........................................................................................................9

    A.  Alibaba.com, Inc. and Alibaba Singapore Are Not Subject to Personal
        Jurisdiction in This District.......................................................................9

        1.  Alibaba.com, Inc. and Alibaba Singapore are not subject to general
            personal jurisdiction in this District...........................................9

        2.  Alibaba.com, Inc. and Alibaba Singapore are not subject to
            specific personal jurisdiction in this District. ...........................10

    B.  Venue With Respect to Alibaba.com, Inc. and Alibaba Singapore Does
        Not Lie In This District............................................................................12

        1.  Alibaba.com, Inc. and Alibaba Singapore do not reside in this
            District........................................................................................13

        2.  Alibaba.com, Inc. and Alibaba Singapore do not have a regular and
            established place of business in this District.............................13

C.      Even If the Court Decides that It Can Exercise Personal Jurisdiction Over
        Alibaba.com, Inc. and Alibaba Singapore, Transfer to the Northern
        District of California is Warranted ......................................................................14

        1.      GEMSA could have sued Alibaba.com, Inc. and Alibaba
                Singapore in the Northern District of California. ......................................14

        2.      Venue with respect to Alibaba.com, Inc. and Alibaba Singapore
                does not lie in this forum. ........................................................................15

        3.      GEMSA has no connection to this forum. ................................................15

        4.      The convenience of witnesses favors transfer. .........................................16

        5.      Availability of compulsory process favors transfer. ................................17

        6.      There are no practical problems with transferring this case to the
                Northern District of California................................................................18

V.      CONCLUSION.................................................................................................................19

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Affinity Labs of Texas v. Samsung Elecs. Co.*,
    968 F. Supp. 2d 852, 855 (E.D. Tex. 2013) ..................................................................19

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012 (Fed. Cir. 2009)................................................................................5, 6, 12

*Blue Spike, LLC v. 3M Cogent, Inc.*,
    Nos. 6:12-CV-499, 6:12-CV-685, 2014 WL 10005586 (E.D. Tex. July 11, 2014) ...............18

*Calder v. Jones*,
    465 U.S. 783 (1984)......................................................................................................7, 12

*Campbell Pet Co. v. Miale*,
    542 F.3d 879 (Fed. Cir. 2008).............................................................................................6

*In re Cordis Corp.*,
    769 F.2d 733 (Fed. Cir. 1985)...........................................................................................13

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (U.S. 2014)...........................................................................................6, 10

*Dell, Inc. v. This Old Store, Inc.*,
    No. H-07-0561, 2007 WL 1958609 (S.D. Tex. July 2, 2007) .................................................12

*Fourco Glass Co. v. Transmirra Products Corp.*,
    353 U.S. 222 (1957)............................................................................................................7

*Garnet Digital, LLC v. Apple, Inc.*,
    893 F. Supp. 2d 814 (E.D. Tex. 2012) ...............................................................................14

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009).....................................................................................9, 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S.Ct. 2846 (2011).........................................................................................................6

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009).....................................................................................9, 16

*Nuance Communs., Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010)...........................................................................................5

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
    2010 WL 3855520 (E.D. Tex. 2010) ..................................................................................16

*Optimum Power Solutions LLC v. Apple Inc.*,
    794 F. Supp. 2d 696 (E.D. Tex. Feb. 22, 2011)...................................................................18

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ..............................................................................................7

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
    688 F.3d 214 (5th Cir. 2012) ..............................................................................................6

*Princeton Digital Image Corp. v. Facebook, Inc.*,
    No. 2:11-CV-400, 2012 WL 3647182 (E.D. Tex. Aug. 23, 2012) .....................................7, 12

*In re: TC Heartland LLC,*
    No. 16-105 (Fed. Cir.) ........................................................................................ 8

*TransUnion Intelligence LLC v. Search America, Inc.,*
    No. 10-130, 2011 WL 1327038 (E.D. Tex. Apr. 5, 2011) .................................. 19

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964) ........................................................................................... 9

*VE Holding Corp. v. Johnson Gas Appliance Co.,*
    917 F.2d 1574 (Fed. Cir. 1990) ......................................................................... 7

*In re Volkswagen,*
    371 F.3d 201 (5th Cir. 2004) ............................................................................ 16

*In re Volkswagen of Am., Inc.,*
    545 F.3d 304 (5th Cir. 2008) ............................................................................. 9

## **Statutes**

28 U.S.C. § 1391 ........................................................................................... 7, 8, 13

28 U.S.C. § 1400(b) ........................................................................ 7, 8, 12, 13, 15

28 U.S.C. § 1404(a) ..................................................................................... 1, 8, 14

28 U.S.C. § 1406(a) ................................................................................ 1, 8, 14, 15

35 U.S.C. § 102(e) ................................................................................................ 18

Fed. R. Civ. P. 12(b)(2) ................................................................................... 1, 12

Fed. R. Civ. P. 12(b)(3) ......................................................................................... 1

Fed. R. Civ. P. 45(b)(2) ....................................................................................... 17

Fed. R. Civ. P. 45(c)(1) ....................................................................................... 17

## I.      INTRODUCTION

Defendants Alibaba.com, Inc. and Alibaba.com Singapore E-Commerce Private Limited

("Alibaba Singapore") hereby move, pursuant to Fed. R. Civ. P. 12(b)(2) and (3), to dismiss

Plaintiff Global Equity Management (SA) Pty. Ltd.'s ("GEMSA's") Amended Complaint with

respect to Alibaba.com, Inc. and Alibaba Singapore for lack of personal jurisdiction and

improper venue.[1]  In the alternative, Alibaba.com, Inc. and Alibaba Singapore move pursuant to

28 U.S.C. §§ 1404(a) and 1406(a) to transfer this case to the Northern District of California,

where Alibaba.com, Inc. has its principal place of business.

GEMSA has elected to file suit in this District against two foreign companies and

Alibaba.com, Inc., a California-based company, without a rational basis for doing so.  While

GEMSA conclusorily alleges that this Court has personal jurisdiction over all defendants and

venue is proper in this District, it provides no factual basis for its contentions, and the relevant

facts suggest otherwise.  GEMSA's jurisdictional allegations are utterly devoid of facts, let alone

facts indicating that either of Alibaba.com, Inc. or Alibaba Singapore have directed activities at

the State of Texas.  GEMSA has thus failed to set forth a *prima facie* case that this Court can

exercise personal jurisdiction over Alibaba.com, Inc. or Alibaba Singapore, or that venue is

proper in this District.

Even if this Court were to find that it has jurisdiction over Alibaba.com, Inc. or Alibaba

Singapore and that venue is proper, this case should be transferred to the Northern District of

California.  None of Alibaba.com, Inc., Alibaba Singapore, or GEMSA has actual ties to Texas.

Alibaba.com, Inc. is based in Santa Mateo, California; Alibaba Singapore is based in Singapore;

---

[1]  The third defendant, Alibaba Group Holding Limited, has not been served with a summons and complaint as of the date of this motion.

and GEMSA is based in Australia.  Dkt. No. 4 ("Amended Complaint"), ¶ 1.  The Amended

Complaint does not allege that GEMSA has *any* connection to this District, apart from a

questionable claim that it is a Texas limited liability company.  Originally, GEMSA claimed to

be an Australian company.  Then GEMSA amended its complaint, claiming to be a Texas LLC.

But GEMSA contradicted that allegation in a *second* amended complaint subsequently filed

against AirBNB, again claiming to be an Australian company.  *See* No. 2:15-cv-1700, Dkt. No.

20 at ¶ 1.

As a result, the Northern District of California is more convenient as a forum for any

witnesses having information that is likely relevant to the present dispute.  Litigating the present

case in the Northern District of California offers significant benefits in time and expenditure of

resources, and that District has a much greater interest in administering the allegations

surrounding the present dispute.  Thus, the facts of the present case overwhelmingly favor a

transfer to the Northern District of California.

## II.      FACTUAL BACKGROUND

### A.      GEMSA's Complaint

On October 30, 2015, GEMSA filed the present action alleging infringement of U.S.

Patent No. 6,690,400 ("the '400 patent") by Alibaba.com, Inc., Alibaba.com Singapore E-

Commerce Private Limited, and Alibaba Group Holding Limited (collectively, the "Defendants"

or "Alibaba Defendants").  Dkt. No. 1.  GEMSA filed an Amended Complaint on November 2,

2015, in which it alleges that the Alibaba Defendants collectively "maintain[], control[] and/or

operate[] a website with a graphical user interface ('GUI') at www.alibaba.com," and directly

infringe one or more claims of the '400 patent "by making its GUI available to advertisers and

consumers."  Amended Complaint, ¶¶ 16-17.

2

**B.** **Defendant Alibaba.com, Inc.**

As set forth in the accompanying Declaration of Michael Lee ("Lee Decl."),

Alibaba.com, Inc. is a Delaware Corporation with its principal place of business in San Mateo,

California.  Lee Decl. ¶ 3.  Alibaba.com, Inc. is a marketing company, which promotes the

Alibaba websites in the United States generally.  *Id., ¶* 5.  Alibaba.com, Inc. does not engage in

marketing directed at any specific state, including Texas.  *Id.*

Alibaba.com, Inc. does not operate the www.alibaba.com website, does not develop,

make, sell or distribute any products, and does not provide technical support or engineering

services to end users of the www.alibaba.com website.  *Id.*

Alibaba.com, Inc. does not own, lease or maintain any real property in Texas.  *Id.* ¶ 6.

Alibaba.com, Inc. does not own, lease or maintain any tangible personal property, including any

documents or electronic data repositories, in Texas.  *Id.* ¶ 7.  Alibaba.com, Inc. has no employees

or agents in Texas.  *Id.* ¶ 8.  Rather, all Alibaba.com, Inc. employees are based in its San Mateo,

California office or spend some portion of their time working out of that office.  *Id.* ¶ 4.

Alibaba.com, Inc. pays no property or income taxes in Texas, and has no places of business,

mailing addresses, bank accounts, or telephone listings in Texas.  *Id.* ¶ 9.  Alibaba.com, Inc. has

no registered agent in Texas and is not registered with the Texas Secretary of State to transact

business in Texas.  *Id.* ¶ 10.

**C.** **Defendant Alibaba Singapore**

Alibaba Singapore is a company organized and existing under the laws of Singapore,

with a principal place of business at 10 Collyer Quay, #10-01, Ocean Financial Centre,

Singapore 049315.  *Id*. ¶ 11.  Alibaba Singapore is engaged in investment holding, marketing,

and sale of website content services.  *Id*. ¶ 12.  Alibaba Singapore does not operate the

www.alibaba.com website, does not develop, make, sell or distribute any products, does not

3

provide technical support or engineering services to end users of the www.alibaba.com website, and has no control over the content or services offered via the www.alibaba.com website. *Id*. ¶ 13. Alibaba Singapore does not engage in sales or marketing directed at the United States or any state therein, including Texas. *Id*.

Alibaba Singapore does not own, lease or maintain any real property in Texas. *Id*. ¶ 14. Alibaba Singapore does not own, lease or maintain any tangible personal property, including any documents or electronic data repositories, in Texas. *Id*. ¶ 15. Alibaba Singapore has no employees, representatives, or agents in Texas, pays no property or income taxes in Texas, and has no places of business, mailing addresses, bank accounts, or telephone listings in Texas. *Id*. ¶ 16. Alibaba Singapore has no registered agent in Texas and is not registered with the Texas Secretary of State to transact business in Texas. *Id*. ¶ 17.

### D.   Defendant Alibaba Group Holding Limited

Alibaba Group Holding Limited has not been served with a summons and complaint as of the date of this motion.

### E.   Plaintiff Global Equity Management (SA) Pty. Ltd.

Plaintiff GEMSA asserts that it has a principal place of business in Warradale, South Australia. Amended Complaint, ¶ 1. In its original complaint, filed on October 30, 2015, GEMSA alleged that it is organized under the laws of Australia. Dkt. No. 1, ¶ 1. On the same day, GEMSA filed a separate complaint against AirBNB, containing the same allegation that GEMSA is an Australian company. No. 2:15-cv-1700, Dkt. No. 1, ¶ 1. On November 2, GEMSA filed amended complaints in both cases in which it claimed to be a Texas limited liability company. Dkt. No. 4, ¶ 1; No. 2:15-cv-1700, Dkt. No. 4, ¶ 1. However, GEMSA then filed a second amended complaint on February 25 against AirBNB in which it switched back to the original allegation, again claiming that it is organized under the laws of Australia. No. 2:15-

cv-1700, Dkt. No. 20 at ¶ 1.  Thus, GEMSA has contradicted its own allegation in the Amended

Complaint that it is a Texas limited liability company.  Additionally, a search on the Texas

Secretary of State website reveals no active entities organized in Texas under the name "Global

Equity Management."  Declaration of Brett Watkins ("Watkins Decl.") ¶ 1.  GEMSA has not

identified any other connection with the State of Texas.  *See generally* Amended Complaint.

One of the named inventors on the '400 patent, Schumann Rafizadeh, has a LinkedIn profile in

which he identifies himself as a Director of GEMSA and a resident of Adelaide, Australia.

Watkins Decl., Ex. 1.

## III.   APPLICABLE LAW

### A.   <u>Personal Jurisdiction</u>

In a patent case, Federal Circuit law governs the issue of personal jurisdiction "because

the jurisdictional issue is intimately involved with the substance of the patent laws."

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (internal

quotations omitted).  "Determining whether jurisdiction exists over an out-of-state defendant

involves two inquiries: whether a forum state's long-arm statute permits service of process and

whether assertion of personal jurisdiction violates due process." *Id*. at 1017 (internal quotations

omitted); *see also Nuance Communs., Inc. v. Abbyy Software House,* 626 F.3d 1222, 1230 (Fed.

Cir. 2010) (holding "[t]he law of the Federal Circuit, rather than that of the regional circuit in

which the case arose, applies to determine whether the district court properly declined to exercise

personal jurisdiction over an out-of-state accused infringer.").

The Texas long-arm statute has been interpreted as coextensive with the federal due

process standards.  Accordingly, the court in which jurisdiction is sought need consider only

whether the assertion of personal jurisdiction is consistent with federal due process

considerations.  *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).

Personal jurisdiction comes in two forms, general and specific.  "General jurisdiction . . . requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts."  *Autogenomics*, 556 F.3d at 1017 (internal quotations omitted).  In other words, general personal jurisdiction applies only when the defendant is found to be "essentially at home" in the jurisdiction.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (U.S. 2014) ("[A] court may assert jurisdiction over a foreign corporation …only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011)).  Sporadic and insubstantial contacts with the forum state will not give rise to general jurisdiction.  *Campbell Pet Co. v. Miale*, 542 F.3d 879, 881-884 (Fed. Cir. 2008).

"Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic."  *Autogenomics*, 556 F.3d at 1017.  Specific jurisdiction exists if "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair."  *Id*. at 1018.  The plaintiff has the burden of proving parts one and two of the specific jurisdiction test are met in a given case, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable.  *Id.*  In meeting its burden of proof, a plaintiff cannot merely rely on conclusory allegations.  Instead, plaintiffs must supply, with reasonable particularity, specific facts sufficient to establish that the Court has personal jurisdiction over each individual defendant.  *Calder v.*

*Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); *Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-CV-400, 2012 WL 3647182, at *2 (E.D. Tex. Aug. 23, 2012) ("In assessing personal jurisdiction, this Court is not required to credit conclusory allegations, even if uncontroverted.") (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. 2001)).

### B.    Venue in Patent Cases

Under 28 U.S.C. § 1400(b), a patent infringement action may be brought in (1) "the judicial district where the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." For decades, the Supreme Court interpreted § 1400(b) as the sole and exclusive provision governing venue in patent infringement actions, not to be supplemented by the general venue provisions of 28 U.S.C. § 1391(c). *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 228-229 (1957). In the context of § 1400(b), the Supreme Court further interpreted "resides" to mean the state in which the defendant is incorporated. *Fourco*, 353 U.S. at 226.

In 1988, Congress amended § 1391(c) to provide: "*For purposes of venue under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990) (quoting 28 U.S.C. § 1391(c) (1988) (emphasis in original)). Based on the inclusion of the phrase "[f]or the purposes of venue under this chapter" in the amendment, and because chapter 87 of title 28 encompassed §§ 1391-1412, and thus included § 1400(b), the Federal Circuit found § 1391(c) to supersede the Supreme Court's holding in *Fourco* that § 1400(b) was the exclusive venue statute in patent infringement actions. *VE Holding*, 917 F.2d at 1578-79. The Supreme Court denied certiorari in *VE Holding*, and has never affirmed the Federal Circuit's holding.

In December 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("Venue Clarification Act"), amending § 1391 to include a new subsection (a), titled "Applicability of Section," that states:

> ***Except as otherwise provided by law* –**
>
> > (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and
> >
> > (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

28 U.S.C. § 1391(a) (emphasis added).  Section 1391(a) defines the "applicability" of § 1391 in civil actions, explicitly stating that it is applicable in all civil actions "[e]xcept as otherwise provided by law."  Based on this express language, § 1391 therefore does not apply in circumstances where venue is already governed by a more specific statute (*i.e.*, is "otherwise provided by law").  In the case of patent infringement allegations, Title 28 already provides a venue statute directed to patent infringement; in other words, § 1400(b) provides the rules for venue in a patent infringement action.  As such, § 1391 does not apply.[2]

### C.    Transfer For Improper Venue and Convenience of the Parties and Witnesses

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Under 28 U.S.C. § 1404(a), for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it

---

[2]  This issue is currently on appeal to the Federal Circuit in *In re: TC Heartland LLC*, No. 16-105, with oral argument scheduled on March 11, 2016.

might have been brought."  In evaluating whether the proposed transferee forum is sufficiently more convenient, courts look to "private" and "public" interest factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (citation omitted)); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009).  The law requires an "individualized, case-by-case consideration of convenience and fairness" to the parties, *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964), and "forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties."  *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *Volkswagen II*, 545 F.3d at 313-15.

## IV.  ARGUMENT

### A.  Alibaba.com, Inc. and Alibaba Singapore Are Not Subject to Personal Jurisdiction in This District

#### 1.  Alibaba.com, Inc. and Alibaba Singapore are not subject to general personal jurisdiction in this District.

GEMSA does not allege that Alibaba.com, Inc. or Alibaba Singapore are subject to general personal jurisdiction in this District.  *See* Amended Complaint, ¶¶ 6-7.  Even if it did, there can be no dispute that this Court lacks general personal jurisdiction over both entities.  Neither company has systematic and continuous contacts with the State of Texas, nor are they "essentially at home" in the State of Texas.

Alibaba.com, Inc. and Alibaba Singapore do not have any places of business in Texas. Lee Decl. ¶¶ 9, 16. Alibaba.com, Inc. and Alibaba Singapore do not have any employees or agents in Texas, do not pay property or income taxes in Texas, and do not own, lease or maintain real or tangible personal property in Texas. *Id.* ¶¶ 6-9, 14-16. Alibaba.com, Inc. and Alibaba Singapore are not registered to do business in Texas, nor do they have any registered agents in Texas. *Id.* ¶¶ 10, 17.

Thus, neither of Alibaba.com, Inc. or Alibaba Singapore have a presence sufficient to establish them as "essentially at home" in Texas (or, more particularly, this District), and therefore subject to general personal jurisdiction here. *Bauman*, 134 S. Ct. at 751.

## 2. Alibaba.com, Inc. and Alibaba Singapore are not subject to specific personal jurisdiction in this District.

Alibaba.com, Inc. and Alibaba Singapore are not subject to specific personal jurisdiction in this District. GEMSA's jurisdictional allegations are limited to the following assertions:

> 6. This Court has personal jurisdiction over each Defendant Alibaba because: Alibaba is present within or has minimum contacts within the State of Texas and this judicial district; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in this judicial district; Defendants each regularly conduct business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from each Defendants' business contacts and other activities in the State of Texas and in this judicial district.

> 7. Upon information and belief, Defendants each conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas.

Amended Complaint, ¶¶ 6-7. These allegations fail to recite any *facts* sufficient to support a finding of personal jurisdiction. Moreover, these allegations are directed to "Defendants" collectively; no specific action is associated with any particular defendant.

GEMSA fails to recite the "minimum contacts" to which it refers, or set forth facts directed to how Alibaba.com, Inc. or Alibaba Singapore (or any defendant for that matter) has "purposefully availed themselves of the privileges of conducting business in the State of Texas." *Id*. ¶ 6.  GEMSA also fails to provide *any* facts to supports its statement that the Alibaba Defendants "regularly conduct business within the State of Texas."  *Id*.  Lastly, while GEMSA asserts that its "cause of action arises directly from each Defendants' business contacts and other activities in the State of Texas," it fails to identify even one such alleged business contact or activity in its Amended Complaint (and, more importantly, which specific defendant is associated with this contact or activity).

Neither of Alibaba.com, Inc. or Alibaba Singapore have conducted any activities within the Eastern District of Texas giving rise to this action.  Alibaba.com, Inc. is a marketing company which promotes certain Alibaba websites in the United States generally.  Lee Decl. ¶ 5.  Alibaba Singapore is engaged in investment holding, marketing, and sale of website content services.  *Id*. ¶ 12.  Alibaba.com, Inc. and Alibaba Singapore do not operate the www.alibaba.com website identified in the Amended Complaint, do not develop, make, sell or distribute any products, and do not provide technical support or engineering services to end users of the identified website.  *Id*. ¶¶ 5, 13.  Furthermore, neither Alibaba.com, Inc. nor Alibaba Singapore engages in marketing directed at any specific state, including Texas.  *Id*.  Thus, exercise of personal jurisdiction over either Alibaba.com, Inc. or Alibaba Singapore would be improper because none of the alleged activities within the Eastern District of Texas giving rise to this action have been committed by these entities, nor do these entities direct or control performance of the alleged activities by others.  Specific jurisdiction only exists where the claim

11

arises out of or relates to the defendant's activities that are purposefully directed at residents of the forum. *Autogenomics*, 556 F.3d at 1017.

Instead of presenting any facts to support its allegations, GEMSA premises personal jurisdiction on a conclusory parroting of the test for personal jurisdiction offered under the guise of fact. "In assessing personal jurisdiction, this Court is not required to credit conclusory allegations, even if uncontroverted." *Princeton Digital Image Corp.*, 2012 WL 3647182, at *2. Presenting mere conclusory assertions that parrot the test for specific personal jurisdiction, as GEMSA has done, is insufficient to meet this Court's pleading requirements. *Id.*

In order to meet its burden, GEMSA is required to set forth facts plausibly suggesting, or to offer evidence establishing, that this Court has jurisdiction over each individual defendant. *Dell, Inc. v. This Old Store, Inc.*, No. H-07-0561, 2007 WL 1958609, *2-3 (S.D. Tex. July 2, 2007) (ordering plaintiff to distinguish among the various defendants and state the factual basis for personal jurisdiction over each); *see also Calder*, 465 U.S. at 790 ("Each defendant's contacts with the forum State must be assessed individually."). As described above, GEMSA has failed to fulfill these requirements in the present case (and cannot do so).

As a result of GEMSA's inability to meet this minimum threshold, its Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### B.  Venue With Respect to Alibaba.com, Inc. and Alibaba Singapore Does Not Lie In This District

The applicable venue statute for this action, 28 U.S.C. § 1400(b), states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Neither condition is met in this case.

### 1.    Alibaba.com, Inc. and Alibaba Singapore do not reside in this District.

GEMSA did not bring this action in the judicial district where any defendant resides.  As described above, Congress amended § 1391 in December 2011, making it clear that § 1391 does not apply to patent infringement cases.  Prior to the Federal Circuit's decision in *VE Holding*, a corporation was considered to be a resident only in the state in which it is incorporated for purposes of the patent venue statute.  *See In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985). As the Amended Complaint acknowledges, Alibaba.com, Inc. is incorporated in Delaware and Alibaba Singapore is organized under the laws of Singapore.  Amended Complaint, ¶¶ 2-3; Lee Decl., ¶¶ 3, 11.  Thus, neither company resides in this District for purposes of the patent venue statute.

Even if the Court disagrees that § 1400(b) is the exclusive venue statute for actions for patent infringement, venue would still be improper under the definition of "residency" in § 1391(c) because this Court lacks personal jurisdiction over Alibaba.com, Inc. and Alibaba Singapore, as described above.

### 2.    Alibaba.com, Inc. and Alibaba Singapore do not have a regular and established place of business in this District.

Even if acts of infringement were committed in this District (they were not), there is still no venue over Alibaba.com, Inc. or Alibaba Singapore under § 1400(b) because they have no place of business in this District — let alone a "regular and established" place of business. Neither company has any physical presence in this District whatsoever.  All Alibaba.com, Inc. employees are either based in its San Mateo, California office or spend some portion of their time working out of that office.  Lee Decl., ¶ 4.  Neither Alibaba.com, Inc. nor Alibaba Singapore has any employees, representatives, or agents in Texas, nor does either of them own, lease or maintain any real property in Texas.  *Id*. ¶¶ 6-9, 14-16.  Neither company owns, leases,

13

or maintains any tangible personal property, including any documents or electronic data repositories, in Texas. *Id.* Alibaba.com, Inc. and Alibaba Singapore do not pay property or income taxes in Texas, and neither company has any places of business, mailing addresses, bank accounts, or telephone listings in Texas. *Id.* Alibaba.com, Inc. and Alibaba Singapore do not have registered agents in Texas, and neither company is registered with the Texas Secretary of State to transact business in Texas. *Id.* ¶¶ 10, 17.

Venue with respect to Alibaba.com, Inc. and Alibaba Singapore simply does not lie in this District, and the Amended Complaint should be dismissed for that reason. *See, e.g.*, *Garnet Digital, LLC v. Apple, Inc.*, 893 F. Supp. 2d 814, 816-817 (E.D. Tex. 2012) (granting dismissal for improper venue where there was no personal jurisdiction and the defendant did not have a regular and established place of business in the Eastern District of Texas).

**C.** **Even If the Court Decides that It Can Exercise Personal Jurisdiction Over Alibaba.com, Inc. and Alibaba Singapore, Transfer to the Northern District of California is Warranted**

Even if the Court determines that it can exercise personal jurisdiction over Alibaba.com, Inc. and Alibaba Singapore in the present action, this is not the proper forum for the administration of this case. Rather, the U.S. District Court for the Northern District of California is the appropriate forum. As discussed below, all factors traditionally considered in analyzing a motion to transfer under 28 U.S.C. §§ 1404(a) or 1406(a) favor a transfer to the Northern District of California here.

**1.** **GEMSA could have sued Alibaba.com, Inc. and Alibaba Singapore in the Northern District of California.**

In deciding whether transfer is proper under either of 28 U.S.C. §§ 1404(a) or 1406(a), the Court must first determine whether the civil action might have been brought in the destination venue. Defendant Alibaba.com, Inc. has its principal place of business in San Mateo,

14

California.  As such, the Northern District of California has general personal jurisdiction over Alibaba.com, Inc. and GEMSA could have sued Alibaba.com, Inc. there.

Although Alibaba Singapore does not have a place of business in the Northern District of California, it would not contest personal jurisdiction or venue in that District for purposes of the present case in view of the relative convenience of that forum.  Therefore, GEMSA could have sued Alibaba Singapore on its present allegations in the Northern District of California.

### 2.  Venue with respect to Alibaba.com, Inc. and Alibaba Singapore does not lie in this forum.

As described above, venue does not lie in this forum under 28 U.S.C. § 1400(b).  Neither Alibaba.com, Inc. nor Alibaba Singapore has committed any of the acts that GEMSA has alleged infringe the asserted patent in the Eastern District of Texas.  But even if either of them did, neither entity is a resident of the Eastern District of Texas, nor does either have a regular and established place of business in the Eastern District of Texas.  As such, venue with respect to Alibaba.com, Inc. and Alibaba Singapore does not lie in this District.  In contrast, Alibaba.com, Inc. has its principal place of business in San Mateo, California, and, as described above, Alibaba Singapore would not contest personal jurisdiction or venue in the Northern District of California in view of the relative convenience of that District.  Thus, transfer of this case to the Northern District of California, where venue would lie, is proper under 28 U.S.C. § 1406(a).

### 3.  GEMSA has no connection to this forum.

GEMSA is based in Australia.  Amended Complaint, ¶ 1.  While GEMSA alleged in its original complaint that it was organized under the laws of Australia (Dkt. No. 1, ¶ 1), it changed this allegation in the Amended Complaint to allege that it is a Texas limited liability company. Amended Complaint, ¶ 1.  However, a search on the Texas Secretary of State website reveals no entities that are organized in Texas with the name "Global Equity Management."  Watkins Decl.,

¶ 1.  This allegation is also contradicted by GEMSA's second amended complaint against AirBNB, filed after its Amended Complaint in this case, where GEMSA (again) claims to be organized under the laws of Australia.  *See* No. 2:15-cv-1700, Dkt. No. 20 at ¶ 1.  Thus, GEMSA has no meaningful ties to this forum, and its choice of this forum is entitled no deference.  *Nintendo*, 589 F.3d at 1200 (holding "the district court clearly abused its discretion in denying transfer from a venue with no meaningful ties to the case," in part because it "gave too much weight to the plaintiff's choice of venue.").

### 4.       The convenience of witnesses favors transfer.

Transfer to the Northern District of California will serve the convenience of the prospective witnesses in this case, which is the most important factor in transfer analysis.  *Genentech*, 566 F.3d at 1343.  "All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial."  *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *5 (E.D. Tex. Sept. 30, 2010) (citing *Genentech*, 566 F.3d at 1343).  The Northern District of California is more than 100 miles from this District, so the "factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *In re Volkswagen*, 371 F.3d 201, 204-05 (5th Cir. 2004).  The Court must consider not only average distance, but also travel time.  *See id.* at 205 n.3.

Alibaba.com, Inc.'s employees are located in the Northern District of California, or spend time in that District as part of their work.  None of them is located in Texas.  Lee Decl. ¶ 4.  Thus, the Northern District of California is clearly a more convenient venue for Alibaba.com, Inc.'s witnesses.  Because Alibaba Singapore's offices are located in Singapore, its witnesses will fly to the U.S. to testify at trial.  *Id.* ¶ 11.  Travel time for witnesses located in Singapore is shorter to the Northern District of California than this District.  Alibaba Singapore's witnesses

travelling from Singapore would be subjected to approximately 18 hours total travel time to the courthouse in San Francisco, while witnesses traveling to this Court must drive 170 miles from Dallas, or take a connecting regional flight into Shreveport and drive 35 miles, resulting in over 22 hours of total travel time.  Additionally, because Alibaba.com, Inc. has offices in San Mateo, any such Alibaba Singapore witnesses will have a home location from which to work if they are required to travel to the United States in relation to this case.  Thus, the Northern District of California is a more convenient forum for both of Alibaba.com, Inc.'s and Alibaba Singapore's witnesses.

GEMSA is based in Warradale, Australia, a suburb of Adelaide.  Amended Complaint, ¶ 1.  Travel to the Northern District of California would be more convenient for GEMSA's witnesses in Australia for the same reasons as Alibaba Singapore's witnesses.  Thus, GEMSA cannot plausibly claim that this District is a more convenient forum.

As a result, the convenience of all prospective witnesses in this case favors the Northern District of California.

### 5.    Availability of compulsory process favors transfer.

The third factor, "availability of compulsory process to secure the attendance of witnesses," also favors the Northern District of California.  Both this Court and the Northern District of California can issue nationwide deposition subpoenas under Fed. R. Civ. P. 45(b)(2), but each Court has different powers to require attendance at trial.  This Court can compel only non-party witnesses residing within Texas, and the Northern District of California only within California. Fed. R. Civ. P. 45(c)(1).

Numerous non-party prior artists who may testify on the prior invention, use, and offer for sale of products anticipating or rendering obvious the alleged invention of the asserted '400 patent reside within the Northern District of California.  For example, the Northern District of

California is the location of many companies that would likely be a source of prior art, such as

Netscape Communications Corporation, based in Mountain View, California and Sun

Microsystems, Inc., formerly based in Santa Clara, California (in 2010 Sun Microsystems was

acquired by Oracle Corporation, which is also based in the Northern District of California).  For

example, Netscape is the assignee identified on U.S. Patent No. 6,252,597, entitled "Scalable

user interface for graphically representing hierarchical data," which has a single named inventor

in Mountain View, California.  Sun Microsystems is the assignee identified on U.S. Patent No.

6,226,654, entitled "Web document based graphical user interface," which also has a single

named inventor in Mountain View, California.  Both of these patents are prior art to GEMSA's

asserted patent under 35 U.S.C. § 102(e).

The ability of the Northern District of California to compel attendance of these non-party

prior art witnesses favors transfer.

### 6.    There are no practical problems with transferring this case to the Northern District of California.

"Practical problems include those that are rationally based on judicial economy."

*Optimum Power Solutions LLC v. Apple Inc.*, 794 F. Supp. 2d 696, 702 (E.D. Tex. Feb. 22,

2011).  There are no practical problems with transferring this case, because this case is just

beginning:  discovery has not started, the parties have not exchanged initial disclosures or

contentions, and any such disclosures or contentions exchanged in the future can be used in the

Northern District of California as well.  Although GEMSA has filed one other complaint

asserting the '400 patent, and the two actions have been consolidated for pretrial purposes (Dkt.

No. 10), that fact does not weigh in favor of transfer where both cases are in their infancy, and

the Court has not gained any specialized knowledge about the '400 patent.  *Blue Spike, LLC v.*

*3M Cogent, Inc.*, Nos. 6:12-CV-499, 6:12-CV-685, 2014 WL 10005586, at *6-7 (E.D. Tex. July

11, 2014) (finding this factor to be neutral and granting transfer where multiple lawsuits had been filed and consolidated for pretrial purposes).  The Local Patent Rules of this District were patterned on those of the Northern District of California, meaning any work the parties have done in this District will not be wasted.  *Affinity Labs of Texas v. Samsung Elecs. Co.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013).  This factor is thus neutral.  *TransUnion Intelligence LLC v. Search America, Inc.*, No. 10-130, 2011 WL 1327038, at *5 (E.D. Tex. Apr. 5, 2011).

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss this action for lack of personal jurisdiction and improper venue, or, in the alternative, transfer this action to the Northern District of California.

Dated:  March 3, 2016                    Respectfully Submitted,

                                          */s/ J. Mark Mann*
                                         MANN TINDEL THOMPSON
                                         J. Mark Mann
                                         Texas Bar No. 12926150
                                         mark@themannfirm.com
                                         G. Blake Thompson
                                         Texas Bar No. 24042033
                                         blake@themannfirm.com
                                         MANN TINDEL THOMPSON
                                         300 West Main
                                         Henderson, Texas 75652
                                         Telephone:  903.657.8540
                                         Facsimile: 903.657.6003
                                         LOCAL COUNSEL

                                         Carey R. Ramos
                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
                                         51 Madison Avenue, 22nd Floor
                                         New York, New York 10010
                                         Telephone: 212.849.7000
                                         Facsimile: 212.849.7100
                                         careyramos@quinnemanuel.com
                                         LEAD COUNSEL

                                         Jeffrey S. Gerchick
                                         Brett N. Watkins
                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
                                         777 6th Street NW, 11th Floor
                                         Washington, D.C. 20001-3706
                                         Telephone:  202.538.8000
                                         Facsimile: 202.538.8100
                                         jeffgerchick@quinnemanuel.com
                                         brettnwatkins@quinnemanuel.com

                                         *Attorneys for Defendants Alibaba.com, Inc. and*
                                         *Alibaba.com Singapore E-Commerce Private*
                                         *Limited*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 3, 2016.

<u>/s/ *J. Mark Mann*</u>

J. Mark Mann

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), Brett Watkins, counsel for Defendants Alibaba.com, Inc. and Alibaba.com Singapore E-Commerce Private Limited, conferred with William Ramey, counsel for Plaintiff Global Equity Management (SA) Pty. Ltd. by phone on March 2, 2016 regarding the motion to transfer.  Plaintiff's counsel advised that it would oppose this motion.

<u>/s/ *J. Mark Mann*</u>

J. Mark Mann