UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GLOBAL EQUITY
MANAGEMENT (SA) PTY. LTD.

No. C 17-02177 WHA
No. C 17-02178 WHA
No. C 17-02435 WHA

**ORDER DENYING ATTORNEY'S FEES**

## INTRODUCTION

In this fees motion, defendants, victorious on the merits of this patent case, overreach for attorney's fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the district court's inherent authority. For the following reasons, the motion for attorney's fees is **DENIED**.

## STATEMENT

Between October 2015 and January 2017 patent owner Global Equity Management (SA) Party Ltd., and its original counsel, Ramey & Schwaller, LLP and Laminack, Pirtle & Martines, LLP, filed three waves of cases in the Eastern District of Texas. Magistrate Judge Roy S. Payne combined several of these cases, including our three, into two consolidated cases (Dkt. No. 10).*

Yet success did not materialize. By December, Judge Payne's claim construction order invalidated half the claims in suit, though no entire patent was knocked out. *Global Equity Mgmt. v. Expedia*, No. C 16-00095 RWS (RSP), Dkt. No. 232 at 99 (Dec. 22, 2016). Our defendants proceeded against the remainder the asserted claim in *inter partes* review at the

---

* This order uses docket references from No. C 17-02177 as illustrative for the three.

United States Patent Trial and Appeal Board. *eBay v. Global Equity Mgmt.*, IPR2016-01828; *eBay v. Global Equity Mgmt.*, IPR2016-01829. Then, in April 2017, Judge Payne transferred these cases to this district and all three have been stayed since, pending resolution of the two IPRs, and Brooks Kushman P.C. took over all five proceedings for patent owner (Dkt. Nos. 101, 124). IPR2016-01828, Dkt. No. 18 (May 3, 2017); IPR2016-01829, Dkt. No. 17 (May 3, 2017).

One year later, the PTAB invalidated the remaining claims and the Federal Circuit affirmed. *Global Equity Mgmt. v. eBay*, 798 F. App'x 616 (Fed. Cir. 2020). This Court entered judgment of invalidity of claims 16 and 28 of U.S. Patent No. 6,690,400 ("the '400 patent") and claim 3 of U.S. Patent No. 7,356,677 ("the '677 patent") based on Judge Payne's claim construction order and dismissed the remaining asserted claims as moot (having been invalidated) (Dkt. No. 160).

Defendants now seek fees for everything litigated anywhere from patent owner and its three law firms during these cases. Counsel jointly opposes. Patent owner, lacking counsel, cannot. This hearing follows full briefing and oral argument (held telephonically due to COVID-19).

**ANALYSIS**

**1. MOTION FOR FEES.**

Assuming any prerequisites are satisfied, an awards of fees, under either 35 U.S.C. § 285, 28 U.S.C. § 1927, or inherent authority, remains committed to the discretion of the district court. *See Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 914 (Fed. Cir. 2019); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1106 (9th Cir. 2002). The undersigned has already made clear that overreach for fees warrants denial. *See Straight Path IP Grp. v. Cisco Sys.*, 411 F. Supp. 3d 1026, 1035 (N.D. Cal. 2019). The overreach here takes the cake.

*First*, defendants improperly introduce mediation discussions with patent owner and its various counsel for the purpose of extracting fees and costs from them. Specifically, defendants introduce particular statements made by patent owner's counsel during a mediation session before mediator Lee L. Kaplan in San Francisco in January 2017. Defendants had the

2

good sense to file this information under seal, but not the good sense to explain why federal mediation privilege, which several courts in this circuit have adopted, does not prohibit the use of this information. *See ACQIS, LLC v. EMC Corp.*, No. C 14-13560 ADB, 2017 WL 2818984, *1–2 (D. Mass. June 29, 2017) (Judge Allison D. Burroughs); *United States v. Union Pacific RR Co.*, No. C 06-01740 FCD, 2007 WL 1500551, *5 (E.D. Cal. May 23, 2007) ((now) Chief Judge Kimberly J. Mueller); *Microsoft Corp. v. Suncrest Enter.*, No. C 03-05424 JF, 2006 WL 929257, *2 (N.D. Cal. Jan. 6, 2006) (Magistrate Judge Howard R. Lloyd).

Instead, defendants contend the Eastern District of Texas mediation rules merely prohibit the introduction of mediation statements as "admission[s] against interest," but defendants here offer them simply as an example of counsel's bad faith (Dkt. No. 174 at 17). This argument convinces nearly as much as the protest of the arsonist who "didn't burn the house down; I just set it on fire." Defendants' offer the example of alleged bad faith *specifically* to extract fees — certainly against counsel's interest. None of this is to say that patent owner's behavior at mediation was proper. But it was privileged, and should not have been introduced. Frankly, defendants' introduction of those statements comes at serious cost. In the future, in light of this misuse of privileged information, others in ligation may hesitate to engage in candid discussions with lawyers who would do such a thing.

*Second*, defendants also overreach in seeking fees in connection with the two *inter partes* reviews they launched against patent owner. Although true that the IPRs succeeded in invalidating the '400 and '677 patents, *all claims were presumed valid by statute*. *See Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 100 (2011). Patent owner committed no wrong in defending its presumptively valid claims from attack. Perhaps if it had obtained the claims by fraud on the PTO, a different result would be warranted. But here, we have no such record. The most that can be said is that defendants provided argument and prior art to counsel for patent owner. It would have to have been crystal clear proof of invalidity based on anticipation or obviousness before this judge would impose fees for defending the presumptively valid claims. This record does not show such clarity even though defendants succeeded.

*Third*, no court or jury ever ruled on defendants' noninfringement arguments. Indeed, defendants never made such motion. They only ever moved for partial summary judgment on patentable subject matter (No. C 17-02177, Dkt. No. 68; No. C 17-02178, Dkt. No. 39). It is true that the parties agreed to stay the cases, pending IPR, this to save resources. And, it remains probably true that defendants spent time and money preparing for trial in case the IPRs failed. Nevertheless, defendants chose to mount an affirmative counterattack on validity in a separate venue, rather than proceed on their noninfringement arguments in the district court. This Court is unable to say on this record that defendants categorically would have won summary judgment or a trial on noninfringement. It became clear at oral argument that, despite defendants' assertions that they made foolproof noninfringement showings at the outset of these cases, what patent owner's counsel knew (and when) turned on the nuances of discovery disputes and discovery offers, precluding the conclusiveness required to support imposition of fees.

*Fourth*, the Court is confident that defendants overstate the extent to which the record is in their favor. Take, first, defendants' assertion in reply that patent owner and counsel had waived any assertion of mediation privilege. Hardly. Counsel bolded and capitalized their objection — "Respondents formally **OBJECT**" — to defendants' introduction of the mediation statements. True, counsel articulated the mediation privilege under Texas and California law, rather than federal law which governs privilege within federal question jurisdiction. *See Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989). Yet defendants would have that detail constitute a complete waiver, citing *Wilcox v. Arpaio*, where our court of appeals held a party had waived federal privilege *only after* it: (i) relied on state privilege before the district court; (ii) distinguished cases recognizing federal mediation privilege; (iii) disavowed any invocation of federal mediation privilege; and (iv) expressly relied only on state privilege on appeal — facts certainly inapplicable here. *See* 753 F.3d 872, 877 (9th Cir. 2014).

Consider also, second, that defendants seek to tar Brooks Kushman P.C. with the alleged sins of its predecessor counsel, as if they joined in a grand conspiracy. By the time Brooks

4

Kushman appeared in May 2017, Judge Payne had invalidated half of patent owner's case, the PTAB had instituted review of the remaining claims, and then Judge Payne transferred the case to this district. Patent owner was on the defensive. These cases have been stayed since they arrived in this district; so no harm was done. Given the way the rest of the merits had gone, it appears Brooks Kushman pursued a narrow procedural argument as the their best option to defend the IPRs. And, rather than appeal everything, Brooks Kushman appealed only that single issue. On this record, Brooks Kushman did not contribute to any alleged bad faith litigation; so defendants grossly misstate the actual record.

## 2. SEALING MOTIONS.

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Generally, "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quotations and citations omitted). The undersigned has previously explained:

> In our district, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential *is not sufficient* to establish that a document, or portions thereof, are sealable." Moreover, administrative motions to file under seal must "be narrowly tailored to seek sealing only of sealable material." *Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard*. Requests not narrowly tailored to seek sealing only of sealable material as required by Civil Local Rule 79-5 shall be denied.

*Bronson v. Samsung Electronics America, Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citation omitted, quoting Civ. L.R. 79-5) (emphasis added).

### A. DEFENDANTS' MOTION.

Defendants seek to seal portions of documents and various exhibits submitted along with their motion for fees as "non-public, commercially sensitive information" (Dkt. No. 162 at 1).

5

They first seek to seal patent owner's settlement and mediation communications as privileged. Review confirms this information is privileged on its face. These requests are **GRANTED**. References to settlement and mediation discussion in the following locations may remain sealed:

| Dkt. No. | Document |
| --- | --- |
| 162-5 | Memorandum at pages 1, 9–12, 21–23 |
| 162-6 | Weed Decl. at ¶¶ 7, 9, 13, 14 |
| 162-10 | Weed Decl., Exh. 6 at page 2 |
| 162-13 | Weed Decl., Exh. 8 at pages 2, 8 |
| 162-18 | Shang Decl. at ¶¶ 4-8 |
| 162-20 | Ramos Decl. at ¶¶ 23–26 |
| 162-31 | Exh. T |
| 162-32 | Exh. U |
| 162-33 | Exh. V |
| 162-34 | Exh. W |

The entirety of Alibaba's factual basis for sealing its own information is that the documents have "been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by one of the parties" (Dkt. No. 162-1 at 2). eBay's entire factual basis for sealing its own information is that it includes "proprietary technical information regarding the operation of eBay's accused instrumentalities" (Dkt. No. 162-2 at 1). These boilerplate assertions lack *any* particular explanation why nineteen documents should be sealed in part or in full. *See ibid.* These requests are **DENIED**.

Defendants then seek to seal patent owner's final, served damages reports. Patent owner has not responded with a declaration in support and stating with particularity the basis for sealing as required by Local Rule 79-5(e)(1). These requests are also **DENIED**.

Defendants last seek to seal "certain exhibits filed in proceedings before the Patent Trial and Appeal Board contain[ing] information that is confidential and proprietary business information of third parties . . . ." (Dkt. No. 162-2 at 1–2). Defendants do not specify the third

6

parties whose interests are implicated. Nor can the undersigned find confirmation that defendants provided notice to such third parties under Local Rule 79-5(e) such that they might respond under Local Rule 79-5(e)(1). These requests are **DENIED WITHOUT PREJUDICE**, pending defendants moving again after satisfying their duties to third parties.

### B. COUNSEL'S OPPOSITION.

Counsel seeks to seal several exhibits submitted along with their opposition brief which appear to be "sensitive business information belonging to Defendants eBay, Inc," though counsel's declaration indicates patent owner as the designating party (Dkt. No. 171 at 2). Neither patent owner nor eBay have filed a supporting declaration under Local Rule 79-5(e)(1). Taken as waived, these requests are **DENIED**.

### C. DEFENDANTS' REPLY.

In reply defendants seek to seal references to settlement and mediation discussions. Facially privileged, these requests are **GRANTED**. The references in defendants' reply brief at pages i, 1, 5, 6, 11, 13, and 16–19 may remain sealed (Dkt. No. 173-3).

Defendants also seek to seal several portions of their reply brief, stating simply that the document "contain[s] confidential and sensitive business information belonging to Defendants" that has "been designated non-public, commercially sensitive information subject to the confidentiality provisions of the operative protective order," vaguely asserting that defendants would suffer "commercial harm or unfair competitive disadvantage" (Dkt. No. 173 at 1). As before, such conclusory and boilerplate assertions lack the requisite particularity. These requests are **DENIED**.

## CONCLUSION

The district judge has no obligation to rummage through the record to find some nugget worthy in itself of an award of fees. *Cf. Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Conceivably, a much narrower motion might have prevailed here (though this order does not so hold). But greed and overreach has ruined it all. There will be no second chance. No further motions for fees will be entertained.

**IT IS SO ORDERED.**

Dated: August 15, 2020.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE